IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GENE E. SALOIS, | Cause No. CV 26-74-M-BMM |
| Plaintiff, | |
| vs. | ORDER |
| JUDGE TARA ELLIOTT, et al. | |
| Defendants. | |

Plaintiff Gene E. Salois ("Salois") has filed a 42 U.S.C. § 1983 Amended

Complaint against Judge Tara Elliott and County Attorneys Matt Jennings and

Ryan Mickelson (collectively "Defendants"). (Doc. 5.) The Complaint fails to state

a claim upon which relief can be granted. The Court dismisses Salosi's Complaint.

## I.  STATEMENT OF THE CASE

### A.     Parties

Salois is a pretrial detainee. (Doc. 2 at 4.) Salois names Montana State

District Judge Tara Elliott and Missoula County Attorneys Ryan Mickelson and

Matt Jennings as defendants. (Doc. 5 at 2.)

### B.  Allegations

Salois cites 18 U.S.C. § 1152, as his basis of jurisdiction for his claim. (Doc.

5 at 3.) Section 1152 governs federal criminal jurisdiction and Indian tribal

exclusive jurisdiction. (*Id.*) Salois states that he is a member of the Little Shell Tribe of Chippewa. (*Id.*) Salois alleges a series of bad acts by Defendants, including that he was denied health, emotional, dental, and diet care. (*Id.* at 4.) Salois claims next that he was tortured. (*Id.*) Salois alleges that Judge Elliott denied him due process and freedom of religion; and he was forced to take unwanted medication. (*Id.*) Salois asserts that "each defendant was involved in the mass cover up and over criminalization of the fabricated racketeering charges . . .." (*Id.*) Salois finally focuses on his treatment in the detention center, alleging that Defendants intended "for [his] demise slow death by torcher [sic] and pharma sorcery." (*Id.*) Salois requests injunctive relief and money damages. (*Id.* at 4-5.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Salois is a pretrial detainee proceeding in forma pauperis. The Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A

complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Salois has identified only immune Defendants in his Amended Complaint. Judges and judicial staff are all immune from suit under § 1983 for actions taken within the scope of their employment. Salois cannot state claims against Judge Elliott under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Salois does not

3

allege any plausible facts that show any of Judge Elliott's conduct was outside the scope of her duties as a judge. In fact, Salois alleges no facts regarding Judge Elliott's behavior, other than to claim she was part of a conspiracy against him, that apparently arose out of ruling against him in court. Ruling on Salois' cases remains at the heart of a judge's duties. There is no plausible connection between Judge Elliott and Salois' conditions of confinement. Salois has failed to state a claim that would avoid Judge Elliott's immunity.

Likewise, Defendants Mikelson and Jennings are immune from suit. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d

896, 913 (9th Cir. 2012). Again, Salois has alleged no facts regarding the individual conduct of Defendants Mikelson and Jennings, other than his blanket assertion that they were part of a conspiracy against him. There is no plausible connection between Defendants Mikelson and Jennings and Salois' conditions of confinement. Salois has failed to state a claim that would avoid Defendants Jennings's and Mikelson's prosecutorial immunity.

## III.  CONCLUSION

Salois fails to state a claim against Defendants. 28 U.S.C. §§ 1915 and 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that amendment would be futile. Therefore, the Complaint must be dismissed.

Accordingly, it is **HEREBY ORDERED**:

1.      Salois' Complaint (Doc. 5) is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the

Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

2.      The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Salois within the meaning of 28 U.S.C. § 1915.

DATED this 15th day of June, 2026.


Brian Morris, Chief District Judge
United States District Court

6